```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 02-98 |
| | ) |
| PETER MARKOVINA | ) |

GOVERNMENT'S RESPONSE TO THE
DEFENDANT'S MOTION FOR A
RECOMMENDATION THAT HE BE
PERMITTED TO SERVE THE LAST
12 MONTHS OF HIS SENTENCE IN A
<u>COMMUNITY CONFINEMENT CENTER</u>

    And now comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania and Constance M. Bowden, Assistant United States Attorney for said District and respectfully submits that this Court lacks jurisdiction to make the recommendation the defendant is requesting.

    1.  The defendant is currently serving a term of imprisonment of 114 months, which was imposed in December 2002.

    2.  The defendant is not challenging the validity of his sentence, but seeks a recommendation from this Court that the Bureau of Prisons place him in a Community Confinement Center to serve the last 12 months of his sentence.  The defendant in effect is seeking to effect the Bureau of Prison's decision as to how the defendant's sentence, once imposed is executed.

3.   A Federal District Court does not retain continuing jurisdiction over a defendant's sentence.  See Rule 35, Federal Rules of Criminal Procedure, which governs the circumstances upon which a District Court can reconsider a sentence previously imposed.

4.   In this case, the decision whether and when to assign a defendant to a Community Corrections Center is within the discretion of the Bureau of Prisons.  The government knows of no authority for the proposition that the District Court, who sentenced the defendant has authority to make a recommendation at this point.  The provision upon which the defendant relies, Title 18, United States Code, Section 3621(b), refers to the placement of the defendant at the time he is originally sentenced.  This Court sentenced the defendant approximately seven years ago.  He has been within the jurisdiction of the Bureau of Prisons for over seven years.  As such the Bureau of Prisons is in a better position to determine the length of time a defendant, including Markovina, should spend in a community confinement center prior to re-entry into the community.

5.  We also note that assuming arguendo that this Court should choose to make a recommendation, that recommendation would

not be binding on the Bureau of Prisons.

                                        Respectfully submitted

                                        <u>S/Constance M. Bowden</u>
                                        Constance M. Bowden
                                        Assistant U.S. Attorney
                                        U.S. Post Office and
                                        Courthouse
                                        Suite 4000
                                        Pittsburgh, PA 15219
                                        (412)894-7320 (phone)
                                        (412)644-2645 (fax)
                                        Constance.bowden@usdoj.gov
                                        PA ID No. 37866

CERTIFICATE OF SERVICE

    I hereby certify that I caused a true and correct copy of the within response to be served by mail on October 14, 2009 to and upon the following:

        Peter Markovina #07394-068
        Federal Correctional Institution
        P.O. Box 1000
        Loretto, PA. 15940

Dated:  October 13, 2009

        Constance M. Bowden
        Assistant U.S. Attorney
        PA ID 37866