IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 02-98 |
| | ) |
| PETER MARKOVINA | ) |

ORDER

On September 25, 2002, Defendant, Peter Markovina, pleaded guilty to Counts 2 and 3 of Indictment No. 02-98 in which he was charged with armed bank robbery, a violation of 18 U.S.C. § 2113(d), and using a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A), respectively. Thereafter, on December 18, 2002, Defendant was sentenced to a term of 114 months' imprisonment consisting of 30 months at Count 2 and a mandatory consecutive 84 months at Count 3. Currently, Defendant is incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania.

The Second Chance Act, Pub.L. No. 110-199, 122 Stat. 657, which was signed into law on April 9, 2008, increased the maximum time a defendant may serve in a community correctional facility prior to release from custody from 6 months to 12 months. See 18 U.S.C. § 3624(c)(1). In a letter dated September 17, 2009, which the Court has deemed to be a motion, Defendant requests a recommendation from the Court to the Bureau of Prisons that he be placed in a community correctional facility for the last 12 months of his sentence in accordance with The Second Chance Act.

In support of his request, Defendant states that many things have changed over the course of his seven years of incarceration; that he has worked very hard while incarcerated to better himself and prepare for his re-introduction into society as a productive citizen, including (a) the completion of correspondence courses through Penn State University, (b) the receipt of numerous certificates representing his achievements in various self study courses and programs, (c) the receipt of a personal trainer's license through the International Fitness Professional Association, (d) his service as the head clerk in the prison's education department for the past 4 years and (e) the study of music; that he has developed a strong relationship with his seven-year old son who was born after his incarceration; and that he is closer with his family than he was before incarceration.

Defendant also cites 18 U.S.C. § 3621(b) in support of his request, which provides in relevant part:

**§ 3621. Imprisonment of a convicted person**

\* \* \*

   **(b) Place of imprisonment.** – The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –

\* \* \*

      **(4)** any statement by the court that imposed the sentence -

      \*    \*    \*

      **(B)** recommending a type of penal or correctional facility as appropriate; ...

In response, the Government opposes Defendant's request, noting that the Court does not retain continuing jurisdiction over a defendant's sentence, and that custody designation decisions rest exclusively with the Bureau of Prisons. The Government also asserts that 18 U.S.C. § 3621(b) on which Defendant relies in seeking the present recommendation regarding the length of his prerelease custody only applies to the Bureau of Prisons' original designation decision following a defendant's sentencing. After consideration, the Court concludes that it is not precluded from making the recommendation requested by Defendant.

The Court acknowledges that it does not retain continuing jurisdiction over a defendant's sentence, and that the authority to make designation decisions rests solely with the Bureau of Prisons. However, Defendant is not seeking a Court order directing the Bureau of Prisons to place him in a community correctional facility for the last 12 months of his sentence. Rather, he is merely seeking a non-binding recommendation by the Court that he be placed in a community correctional facility for the maximum period of time authorized by The Second Chance Act

which was signed into law long after the imposition of sentence in this case.  Moreover, contrary to the Government's assertion that 18 U.S.C. § 3621(b) does not apply to a prerelease custody decision of the Bureau of Prisons, 18 U.S.C. § 3624(c)(6)(A) specifically states that when the Bureau of Prisons makes a decision regarding a defendant's prerelease custody, the placement shall be "conducted in a manner consistent with section 3621(b) of this title."  See, e.g., Thielman v. Berkebile, 2008 WL 3171451 (N.D.Tex.2008)(In response to the Second Chance Act, the Bureau of Prisons issued a memorandum recognizing the Act requires prerelease placement decisions to be made on an individual basis in every inmate's case according to the new criteria in the Act, as well as the criteria in 18 U.S.C. § 3621(b)).

If, in fact, Defendant has conducted himself during his period of incarceration as set forth in his September 17, 2009 letter, the Court recommends that he be given the full benefit of The Second Chance Act and placed in a community correctional facility for the last 12 months of his sentence.  In addition to being an apparent model prisoner, the Court notes that Defendant was sentenced to the low end of the applicable Sentencing Guidelines range.  The Court also notes that Defendant appears to have an extraordinary support system which will aid his reentry into the community.  Prior to the sentencing hearing, 108 letters

were written on behalf of Defendant and submitted to the Court for its consideration in imposing sentence - the most letters the Court has ever received on a defendant's behalf.

AND NOW, this 14TH day of October, 2009, IT IS SO ORDERED.

*William L. Standish*
William L. Standish
United States District Judge

cc: Constance M. Bowden
Assistant United States Attorney
(Electronically)

Peter Markovina #07394-068
FCI Loretto
P.O. Box 1000
Loretto, PA 15940